IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NICHOLAS WOODWARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **MERCANTILE ADJUSTMENT** | ) |
| **BUREAU, LLC,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, NICHOLAS WOODWARD, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. NICHOLAS WOODWARD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Prospect Heights, County of Cook, State of Illinois.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Sears.

1

6. The debt that Plaintiff allegedly owed Sears was for a store credit card, the charges on which were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, LVNV Funding LLC (hereinafter "LVNV") acquired, purchased and/or was otherwise assigned the debt that Plaintiff allegedly owed to Sears.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. MERCANTILE ADJUSTMENT BUREAU, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is registered as a Limited Liability Company in the State of New York.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about July 8, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to LVNV.

16. On or about July 9, 2010, Defendant initiated a telephone call to Plaintiff and left a voicemail message for Plaintiff.

17. On that same day, as a result of receiving the aforementioned voicemail message, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Defendant.

18. During the course of the aforementioned telephone conversation, Defendant's duly authorized representative advised Plaintiff that he was an attorney for Sears.

19. The aforesaid representative further told Plaintiff that a collection had been placed in his office and that Defendant's "law firm would be filing a lawsuit against [Plaintiff] to collect on the debt [Plaintiff] owed."

20. Defendant's representation that it was a law firm was deceptive, false and/or misleading given that Defendant is not a law firm.

21. During the aforesaid telephone call, Defendant told Plaintiff that if he did not pay the debt by July 12, 2010 then Defendant would proceed with filing a lawsuit against Plaintiff.

22. To date, Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

23. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

24. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

25. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

26. Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally file a lawsuit against Plaintiff because a judgment had already been entered against Plaintiff relative to the debt on which Defendant was attempting to collect.

27. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Defendant further advised Plaintiff that it "would slap a lien on Plaintiff's home."

28. Defendant also told Plaintiff that it would "freeze and garnish his bank account and wages."

29. In response to Defendant's statements, Plaintiff informed Defendant that at that time he was not receiving a paycheck and that he was only receiving unemployment benefits.

30. In response to Plaintiff's statements, Defendant told Plaintiff that Defendant would "garnish [Plaintiff's] unemployment check."

31. Upon information and belief, at the time of making the aforementioned threat to place a lien on Plaintiff's home, Defendant had no intention of executing the aforementioned threat.

32. Upon information and belief, at the time of making the aforementioned threat to garnish Plaintiff's bank account and wages, Defendant had no intention of garnishing the aforementioned funds.

33. Upon information and belief, at the time of making the aforementioned threat to garnish Plaintiff's unemployment check, Defendant had no intention of garnishing Plaintiff's unemployment check.

34. At the time of making the aforementioned threat to garnish Plaintiff's unemployment check, Defendant had no authority to garnish Plaintiff's unemployment check as the aforementioned funds were exempt from garnishment.

35. The aforementioned statements made by Defendant to Plaintiff during the course of the aforesaid telephone call, had the effect of conveying to an unsophisticated consumer that the individual that had contacted Plaintiff on behalf of Defendant was an attorney.

36. Upon information and belief, the individual that made the statements on behalf of Defendant, as delineated above, is not an attorney.

37. At no time during the course of the aforementioned telephone call between Defendant and Plaintiff did Defendant's duly authorized representative apprise Plaintiff that he was not an attorney.

38. On July 9, 2010, despite having already engaged in a telephone conversation with Plaintiff on that day, Defendant initiated another telephone call to Plaintiff.

39. On or about July 10, 2010, Mr. Eric Farkus, a duly authorized representative of Defendant, initiated a telephone call to Plaintiff and left a voicemail message for Plaintiff.

40. During the course of the aforesaid voicemail message, Defendant stated that Plaintiff was to contact Defendant regarding an "important personal business matter."

41. On that same date, subsequent to leaving the aforementioned voicemail message, Defendant initiated two additional telephone calls to Plaintiff in a single day.

42. Again, on or about July 15, 2010, Mr. Farkus, initiated a telephone call to Plaintiff and left a voicemail message for Plaintiff.

43. During the course of the aforesaid voicemail message, Defendant reiterated that Plaintiff was to contact Defendant regarding an "important personal business matter."

44. Defendant's representations, as delineated above, that Defendant was calling in relation to an "important personal business matter" were deceptive, false and/or misleading given that Defendant was not calling in relation to such a matter but was calling in an attempt to collect a debt from Plaintiff.

45. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

46. During the course of one of the aforementioned telephone calls between Plaintiff and Defendant, as delineated above, Defendant informed Plaintiff that if he did not pay the debt he allegedly owed then the debt would be "placed back on [Plaintiff's] credit report."

47. At the time Defendant made the threat to place the alleged debt on Plaintiff's credit report, the debt Plaintiff allegedly owed could no longer be reported as it was beyond the seven (7) year limitation for the reporting of such accounts pursuant to the provisions of the Fair Credit Reporting Act, 15 U.S.C. 1681 et seq.

48. During the course of one of the aforementioned telephone calls between Plaintiff and Defendant, as delineated above, Defendant informed Plaintiff that "the reason this county has problems was because people like [Plaintiff] did not pay their debts."

6

49. Defendant's statements as delineated above are neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

50. The natural consequence of Defendant's statements was to unjustly condemn and vilify Plaintiff for his non-payment of the debt he allegedly owed LVNV.

51. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

52. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

53. In its attempts to collect the debt allegedly owed by Plaintiff to LVNV, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

   d. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   e. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

   f. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

    g.  Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    h.  Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

    i.  Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    j.  Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

    k.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

54. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

55. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, NICHOLAS WOODWARD, by and through his attorneys, respectfully prays for judgment as follows:

    a.  All actual compensatory damages suffered;

    b.  Statutory damages of $1,000.00;

    c.  Plaintiff's attorneys' fees and costs;

    d.  Any other relief deemed appropriate by this Honorable Court.

    Respectfully submitted,
    **NICHOLAS WOODWARD**

    By:   s/ David M. Marco
        Attorney for Plaintiff

<u>Dated: September 3, 2010</u>

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us